CARLIE CHRISTENSEN, Acting United States Attorney (#633)
MICHAEL KENNEDY, Assistant United States Attorney (#8759)
JOHN W. HUBER, Assistant United States Attorney (#7226)
Attorneys for the United States of America
185 South State Street, Ste. 300 • Salt Lake City, Utah 84111
Telephone:  (801) 524-5682 • Facsimile:  (801) 325-3387
e-mail: michael.kennedy@usdoj.gov

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 2:09 CR 842 TS |
| Plaintiff, | : | |
| | : | **S U P E R S E D I N G** |
| vs. | : | **I N D I C T M E N T** |
| JOSEPH PETER MOESSER, | : | VIO. 49 U.S.C. § 46312 (Unlawful Transportation of Hazardous Material in Air Commerce) |
| Defendant. | : | |
| | : | |
| | : | 49 U.S.C. § 5124 (Criminal Violation of Hazardous Material Transportation Regulations) |
| | : | |
| | : | 18 U.S.C. § 1001 (False Statement) |

---

The Grand Jury charges:

## INTRODUCTION

1. On or about October 1, 2009, JOSEPH PETER MOESSER (hereinafter, "MOESSER",) was a ticketed passenger on Delta Airlines Flight Number 1512, service from Salt Lake City, Utah to Atlanta, Georgia, and Delta Airlines Flight Number 0200, service from Atlanta, Georgia, to Johannesburg, South Africa.

2. When MOESSER arrived at Salt Lake City International Airport to check in for his flight, he was approached by agents of the Federal Aviation Administration (FAA), Transportation Security Administration (TSA), and Federal Bureau of Investigation (FBI). MOESSER was asked if he had any ammunition in his checked or carry-on luggage, and MOESSER consented to an inspection of his luggage. MOESSER opened a duffel bag and produced a locked metal box. MOESSER opened the box and produced one unopened, commercially packaged container of "Hodgdon Triple Seven Pellets," one previously opened and partially emptied commercially-packaged container of "CCI 209M Shotshell Primers," and two boxes of 25-count Winchester XX 12 gauge shotgun shells. Agents inspected the items.

3. The agents advised MOESSER that the "Hodgdon Triple Seven Pellets" were forbidden on passenger aircraft, and that the "CCI 209M Shotshell Primers"

were a regulated hazardous material that had not been properly prepared for transportation. MOESSER voluntarily surrendered the items to the agents.

4. A cursory inspection of the two boxes of shotgun shells disclosed that the top row of shells in each box were new, unexpended rounds. Under D.O.T. regulations, new, unexpended shotgun shells are lawful for transportation in checked baggage.

5. MOESSER then was asked by the agents if he had any other prohibited items or "black powder" to declare or disclose, and MOESSER stated that he did not. MOESSER then secured the metal box, containing the shotgun shell boxes, and returned it to the duffel bag. Upon completion of the inspection, MOESSER proceeded to the Delta passenger check-in counter where he offered the duffel bag to Delta Airlines as checked baggage.

6. Following the passenger check-in process, MOESSER's checked baggage was tagged and then routinely screened by the TSA's automated baggage screening system. During this process, the metal box in MOESSER's duffle bag created an alarm that prompted TSA officers to manually inspect the container and its contents. The TSA Officer conducting the inspection of the shotgun shells discovered that the top row of shells in each box appeared to be commercially

produced, new, unexpended shells with their primers intact. The remaining shells all appeared to have expended primers and appeared to have been refilled. Of the forty expended shotgun shells, thirty-eight contained Hodgdon Triple Seven Pellets, and two contained CCI 209M Shotshell Primers.

7. Federal law, at 49 U.S.C. § 5103(b), requires the Secretary of the United States Department of Transportation (hereinafter "the Secretary of Transportation") to prescribe regulations for the safe transportation of explosive, flammable, and other hazardous material in intrastate, interstate, and foreign commerce. The Secretary of Transportation has issued such regulations, which are published in the Code of Federal Regulations ("C.F.R.").

8. Hodgdon Triple Seven Pellets are solid propellant designed for use in muzzle-loading rifles using a 209 primer ignition system. Under D.O.T. regulations, the transportation of Hogdgon Triple Seven Pellets is regulated as a hazardous material. Hogdgon Triple Seven Pellets are classified as solid propellants, and also are sub-classified as smokeless powder for small arms. D.O.T. regulations provide that all solid propellants, and all smokeless powder for small arms, in the classifications applicable to Hogdgon Triple Seven Pellets, are forbidden for carriage on passenger aircraft.

9.  Under D.O.T. regulations, the transportation of CCI 209M Shotshell Primers is regulated as hazardous materials.  Under D.O.T. regulations, all primers in the classification applicable to CCI 209M Shotshell Primer are permitted for carriage on passenger aircraft as hazardous material cargo in limited quantities if properly packaged, described, certified, marked, and labeled.  The packaging requirements  include specific requirements for inner, intermediate, and outer packaging.  The marking and labeling must be visible at all times, and therefor they may not be transported in a passenger's personal checked or carry-on baggage.

10.  Under D.O.T. regulations, hazardous materials that are not prepared for shipment in accordance with the regulations may not be offered for transportation or transported aboard an aircraft.  Additionally, D.O.T. regulations also provide that regulations relating to the transportation of hazardous materials aboard aircraft apply to "air passengers that carry any hazardous material on their person or in their carry-on or checked baggage."

## COUNT 1

1.   The Grand Jury realleges the allegations of the Introduction portion of this Indictment as though fully set forth herein.

2.   On or about October 1, 2009, in the Central Division of the District of Utah,

### JOSEPH PETER MOESSER,

the Defendant herein, in violation of a regulation or requirement related to the transportation of hazardous material prescribed by the Secretary of Transportation under Chapter 51 of Title 49, United States Code (49 U.S.C. § 5101 *et seq.*), to wit, 49 C.F.R. §§ 172.101, 173.27(b), and 175.1(b)(2), did willfully deliver, and cause to be delivered, property containing hazardous material, to wit, Hogdgon Triple Seven Pellets, a "Propellant, Solid" classified as a Division 1.3C explosive forbidden for carriage on passenger aircraft, to an air carrier for transportation in air commerce, all in violation of and punishable under 49 U.S.C. § 46312.

## COUNT 2

1.   The Grand Jury realleges the allegations of the Introduction portion of this Indictment as though fully set forth herein.

2.   On or about October 1, 2009, in the Central Division of the District of Utah,

### JOSEPH PETER MOESSER,

the Defendant herein, in violation of a regulation or requirement related to the transportation of hazardous material prescribed by the Secretary of Transportation under Chapter 51 of Title 49, United States Code (49 U.S.C. § 5101 *et seq.*), to wit, 49 C.F.R. §§ 172.101, 172.200 *et seq.*, 172.300 *et seq.*, 172.400 *et seq.*, 173.27(b), 173.62, 175.1(b)(2) and 175.3, did willfully deliver, and cause to be delivered, property containing hazardous material, to wit, improperly packaged CCI 209M Shotshell Primers, "Primers, Cap Type" classified as a Division 1.4S explosive permitted for carriage on passenger aircraft only if properly packaged, described, certified, marked, and labeled, to an air carrier for transportation in air commerce, all in violation of and punishable under 49 U.S.C. § 46312.

## COUNT 3

1.   The Grand Jury realleges the allegations of the Introduction portion of this Indictment as though fully set forth herein.

2.   On or about October 1, 2009, in the Central Division of the District of Utah,

### JOSEPH PETER MOESSER,

the Defendant herein, did willfully and recklessly violate a regulation issued under Chapter 51 of Title 49, United States Code (49 U.S.C. § 5101 *et seq.*) in that he offered for carriage in his checked baggage a hazardous material, to wit, Hogdgon Triple Seven Pellets, a "Propellant, Solid" classified as a Division 1.3C explosive forbidden for carriage on passenger aircraft, in violation of 49 C.F.R. §§ 172.101, 173.27(b), and 175.1(b)(2), all in violation of and punishable under 49 U.S.C. § 5124.

## COUNT 4

1.   The Grand Jury realleges the allegations of the Introduction portion of

this Indictment as though fully set forth herein.

2.   On or about October 1, 2009, in the Central Division of the District of

Utah,

### JOSEPH PETER MOESSER,

the Defendant herein, did willfully and recklessly violate a regulation issued under

Chapter 51 of Title 49, United States Code (49 U.S.C. § 5101 *et seq.*) in that he

offered for carriage in his checked baggage a hazardous material, to wit,

improperly packaged, described, certified, marked, and labeled CCI 209M

Shotshell Primers, "Primers, Cap Type" classified as a Division 1.4S explosive

permitted for carriage on passenger aircraft only if properly packaged, described,

certified, marked, and labeled, in violation of  49 C.F.R. §§ 172.101, 172.200 *et*

*seq.*, 172.300 *et seq.*, 172.400 *et seq.*, 173.27(b), 173.62, 175.1(b)(2) and 175.3; all

in violation of and punishable under 49 U.S.C. § 5124.

<u>COUNT 5</u>

1.   The Grand Jury realleges the allegations of the Introduction portion of this Indictment as though fully set forth herein.

2.   On or about October 1, 2009, in the Central Division of the District of Utah,

JOSEPH PETER MOESSER,

the Defendant herein, in a matter within the jurisdiction of the executive branch of the United States government, to wit, the Federal Bureau of Investigation (FBI), United States Department of Justice, the Transportation Security Administration (TSA), United States Department of Homeland Security, and the Federal Aviation Administration (FAA), United States Department of Transportation, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, in that in an interview with Special Agents of the FBI, TSA, and FAA, he stated that he did not have any undisclosed prohibited hazardous materials concealed in his property intended for airline transport as checked baggage, which statement was false as he well knew, in that he knowingly had Hogdgon Triple Seven Pellets and CCI 209M Shotshell primers concealed in

expended shotgun shells in his checked baggage; all in violation of Title 18 U.S.C.

§1001(a)(2) and punishable thereunder.

A TRUE BILL:

/s/

FOREPERSON OF THE GRAND JURY

CARLIE CHRISTENSEN
Acting United States Attorney

_____ FOR

MICHAEL KENNEDY
Assistant United States Attorney