IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH PETER MOESSER,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE STIPULATED MOTION TO CONTINUE TRIAL<br><br>Case No. 2:09-CR-842 TS |

Counsel for Defendant moves to continue the April 6, 2011, trial because a tentative resolution in this matter has been negotiated and requires final approval from the government.[1] Defendant states that government approval cannot be obtained prior to the trial date. The government has stipulated to the continuance.

The Court finds that Counsel has not provided sufficient information for the Court to grant the requested continuance. The Tenth Circuit has explained:

> Our decisions . . . indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an

---

[1] Docket No. 73.

1

explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient. . . . Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough.[2]

In *United States v. Larson*,[3] the Tenth Circuit further explained what is insufficient for the Court to make the required ends-of-justice findings necessary to exclude time. In its decision, the Tenth Circuit required that a motion for continuance in criminal matters state "how much time . . . counsel need[s] to prepare for trial and what preparations [they have] already made."[4] Defendant's Motion does not state the amount of time necessary for the government to approve the plea negotiation. Additionally, the Court requires a statement as to how long the government has already had to approve the proposed agreement and why approval cannot be granted or denied before April 6. Without this type of information, the Court can not "adequately determine whether denying the continuance would deprive defense counsel of the 'reasonable time necessary for effective preparation, taking into account *the exercise of due diligence*.'"[5] It is therefore

ORDERED that Defendant's Stipulated Motion to Continue Trial (Docket No. 73) is DENIED WITHOUT PREJUDICE.

---

[2]*United States v. Toombs*, 574 F.3d 1262, 1271-72 (10th Cir. 2009) (footnote and citations omitted).

[3]627 F.3d 1198 (10th Cir. 2010).

[4]*Id*. at 1207.

[5]*Id*. (quoting 18 U.S.C. § 3161(h)(7)(B)(iv)) (emphasis added in *Larson*).

DATED   March 29, 2011.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge