FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

APR 15 2011

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

CARLIE CHRISTENSEN, United States Attorney (#633)
MICHAEL KENNEDY, Assistant United States Attorney (#8759)
JOHN W. HUBER, Assistant United States Attorney (#7226)
Attorneys for the United States of America
185 South State Street, Suite 300 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 325-3387
e-mail: michael.kennedy@usdoj.gov • john.huber@usdoj.gov

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 2:09 CR 842 TS |
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| JOSEPH PETER MOESSER, | : | |
| Defendant. | | Chief Judge Ted Stewart |

---

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.  (a) As part of this agreement with the United States, I intend to plead guilty to Count 1 of a Misdemeanor Information filed by the United States Attorney. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

(b) The elements of the offense(s) to which I am pleading guilty are:

(i) Count 1, a violation of 18 U.S.C. § 1036(a)(4) and (b)(2), *first*, that the defendant entered and attempted to enter the secure area of an airport, and, *second*, that he did so by means of fraud and false pretenses.

2. I know that the maximum possible penalty provided by law for Count 1 of the Information, Entry into Secure Area of an Airport by Means of False Pretenses in violation of 18 U.S.C. § 36(a)(4) and (b)(2), is a term of imprisonment of up to 6 months, a term of probation of up to 5 years, a fine of up to $5,000, and a term of supervised release of up to 1 year.

I understand that if I am sentenced to probation, and I violate a condition of probation, my probation may be revoked and I can be resentenced. I understand that if I am sentenced to incarceration and a term of supervised release is imposed to follow incarceration, and a condition of the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3), and can have an additional term of supervised release imposed on me following that incarceration.

Additionally, I know the court is required to impose an assessment in the amount of $25.00 for each count of conviction, pursuant to 18 U.S.C. § 3013.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to

represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial, and I know that if I stand trial:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.
>
> (c) My attorney can cross-examine all witnesses who testify against me.
>
> (d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
> (e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.
>
> (f) If I do not want to testify, no inference adverse to me may be drawn from my election not to testify.
>
> (g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.
>
> (h) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct and the evidence against me, including facts which I admit are true, even though I might not have personal knowledge of them. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

(a) On October 1, 2009, I was a ticketed passenger on Delta Airlines Flight Number 1512, service from Salt Lake City, Utah to Atlanta, Georgia, and Delta Airlines Flight Number 0200, service from Atlanta, Georgia, to Johannesburg, South Africa.

(b) When I arrived at Salt Lake City International Airport to check in for my flight, I was approached by agents of the Federal Aviation Administration (FAA), Transportation Security Administration (TSA), and Federal Bureau of Investigation (FBI). I was asked if I had any ammunition in my checked or carry-on luggage, and I consented to an inspection of my luggage. I opened a duffel bag and produced a locked metal box. I opened the box and produced one unopened, commercially packaged container of "Hodgdon Triple Seven Pellets," one previously opened and partially emptied commercially-packaged container of "CCI 209M Shotshell Primers," and two boxes of 25-count Winchester XX 12 gauge shotgun shells. Agents inspected the items.

(c) The agents told me that the "Hodgdon Triple Seven Pellets" were forbidden on passenger aircraft, and that the "CCI 209M Shotshell Primers" were a regulated hazardous material that had not been properly prepared for transportation. I voluntarily surrendered the items to the agents.

(d) A cursory inspection of the two boxes of shotgun shells disclosed that the top row of shells in each box were new, unexpended rounds. Under D.O.T. regulations, new, unexpended shotgun shells are lawful for transportation in checked baggage.

(e) I then was asked by the agents if I had any other prohibited items or "black powder" to declare or disclose, and I stated that I did not. I then secured the metal box, containing the shotgun shell boxes, and returned it to the duffel bag. Upon completion of the inspection, I proceeded to the Delta passenger check-in counter where I offered the duffel bag to Delta Airlines as checked baggage.

(f) Following the passenger check-in process, I proceeded through security screening into the secured area of the airport and to my plane. My checked baggage was tagged and then routinely screened by the TSA's automated baggage screening system. During this process, the metal box in my duffle bag created an alarm that prompted TSA officers to manually inspect the container and its contents. The TSA Officer conducting the inspection of the shotgun shells discovered that the top row of shells in each box appeared to be commercially produced, new, unexpended shells with their primers intact. The remaining shells all appeared to have expended primers and appeared to have been refilled. Of the forty expended shotgun shells, thirty-eight contained Hodgdon Triple Seven Pellets, and two contained CCI 209M Shotshell Primers.

(g) I acknowledge that my entry into the secure area of the Salt Lake International Airport was made by fraud and false pretenses, in that I purposely concealed in my checked baggage dangerous items which I knew to be prohibited, with the expectation that the checked baggage would accompany me on the aircraft. I also acknowledge that Salt Lake

International Airport is an airport within the meaning of 49 U.S.C. § 47102.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A. The defendant agrees:

        (1)(a) I will plead guilty to Count 1 of the Information;

        (1)(b) I understand and agree that the Court may decline to sentence me without first receiving a Presentence Report, and if prepared, the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in sentencing me, that my sentence may be increased because of these facts, and that if restitution is applicable to me, the restitution order in this case will include restitution to the victims of the uncharged and unpled conduct. I understand and agree that unless I object to these facts in the Presentence Report, they will be deemed admitted by me.

        (2)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made

by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report;

(2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255;

(2)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver;

(2)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution;

B. The United States agrees:

(1) To move for leave to dismiss the pending Superseding Indictment at the time of sentencing.

(2)(a) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his offense, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines;

    (2)(b) The Court does not have to follow the government's recommendation, or any recommendation in the Presentence Report, and that if it does not, the defendant will not be allowed to withdraw the plea of guilty for that reason.

  C. The government and the defendant jointly agree:

    (1) The Court should order the following as special conditions of any term of probation or supervised release imposed on the defendant:

      (a) The defendant shall participate in media events as determined by the United States Attorney. These events may include, but may not be limited to press conferences and interviews by members of the media. Any statements the defendant offers in these settings must be pre-approved by the United States Attorney, and shall include forthright admissions to his conduct that resulted in the indicted charges against him. The purpose of this program is to educate the public and others who may be engaged in similar criminal conduct, inform them of the federal criminal laws, the potential penalties, and the possibility of prosecution.

      (b) The defendant shall complete 50 (fifty) hours of community service at a facility or program approved by Pretrial Services. Hours expended in relation to paragraph 12C(1)(a) may be credited toward the community service obligation.

  13. This plea agreement is between the United States Attorney for the District of Utah, and the defendant in this criminal case, and applies only to the criminal charges in this case. It shall not be construed to bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the government will bring this plea agreement to the attention of other authorities if

requested to do so by the defendant. Additionally, this plea agreement shall not be construed to bar any civil actions or claims by any other person.

*    *    *    *

I make the following representations to the Court:

1. I am __53__ years of age. My education consists of __14th__. I __can__ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

2. No one has made threats, promises, or representations to me that have caused me to plead guilty.

3. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this __4__ day of __15__, 2011.

_____
JOSEPH PETER MOESSER
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this __15th__ day of __April__, 2011.

_____
REBECCA HYDE SKORDAS
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court,

and there are no off-the-record agreements between the defendant and the United States.

DATED this 15th day of April, 2011.

CARLIE CHRISTENSEN
United States Attorney

/s/ Michael Kennedy

MICHAEL KENNEDY
Assistant United States Attorney